# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY EALY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | CASE NO.: _____ |
| ) | |
| **SOUTH LAND** ) | **TRIAL BY STRUCK JURY IS** |
| **TRANSPORTATION, INC.** ) | **HEREBY DEMANDED** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

### PARTIES

1. Plaintiff Timothy Ealy ("Ealy") is of legal age and is a citizen of Indianapolis, Indiana.

2. Defendant South Land Transportation, Inc. ("South Land") is a Mississippi for-profit corporation with its principle place of business in Lake, Mississippi and is doing business in Scott County, Mississippi, therefore, South Land is a citizen of Mississippi.

### JURISDICTION AND VENUE

3. The Plaintiff and the Defendant are citizens of different states. 28 U.S.C.A. § 1332. Ealy is a citizen in Indiana and South Land is a citizen of Mississippi; therefore, there is complete diversity of citizenship.

4. The amount in controversy is in excess of $200,000.00.

5. 28 U.S.C.A. § 1394 (b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Here, the accident which gives rise to the Plaintiff's causes of action occurred in St. Clair County, Alabama; therefore, venue is proper.

## FACTS

6. On January 3, 2019, Ealy was involved in a tractor trailer wreck in St. Clair County Alabama with no other vehicles.

7. The tractor to which Ealy was driving had a placard on the driver's door stating the vehicle was leased to South Land and it had South Land's motor carrier and DOT numbers on it.

8. It has been established that the reason for the placard was the owner of the tractor, Phenix Transportation West, Inc. ("Phenix"), had NO OPERATING AUTHORITY. It had lost its liability insurance in November of 2018. Its motor carrier number and DOT number were out of service.

9. The owner of Phenix is Daphne Wilkerson and her husband Richard Wilkerson, Sr., is the President and COO. They are the Mother and Father of Richard Wilkerson, Jr., the owner of South Land.

10. At the time of the events giving rise to Ealy's claims, Phenix and South Land operated out of the same building, under the same roof, intermingling, loaning employees back and forth, and South Land had been leasing Phenix's tractors and trailers.

11. The trip was booked by South Land or booked with South Land.

12. At the time of the accident, Ealy was a truck driver operating a truck that had been leased to South Land carrying a load and working for South Land. *See Exhibit "A,"* a picture of the placard on the truck driven by Ealy on the date of the accident. At the time of the accident, Phenix did not have valid motor carrier number nor U.S. Department of Transportation ("DOT") number, which means they had no operating authority. This only further justifies the reason why the truck was leased to South Land and driving under its MC and DOT numbers because, without its numbers, the truck could not have been on the road.

13. South Land had a duty to carry worker's compensation insurance that would have covered Ealy because, at the time of the accident, it had over five (5) employees and was required, under Mississippi law, to carry worker's compensation insurance.[1] South Land had a duty to Ealy, and all other employees, to carry worker's compensation insurance.

---

[1] Miss. Code § 71-3-5 ("The following shall constitute employers subject to the provisions of this chapter: Every person, firm and private corporation, including any public service corporation … that have in service five (5) or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied.")

14. On January 3, 2019, Ealy was traveling on I-59 North in St. Clair County, Alabama when the tractor trailer he was operating ran off the roadway on the left shoulder, rolled over, and slid into several trees.

15. As a result of the on-the-job accident, Ealy was impaled by a tree limb that went into the left shoulder under the bone and came out under his arm as well as other places, was required to spend eight days in the University of Alabama at Birmingham Hospital ("UAB") to which he incurred medical expenses in excess of $200,000.00.

16. Because the wound kept opening and getting infected, Ealy went to Lackey Memorial Hospital in Forest, Mississippi for two emergency room visits. He also went to Meshoba General Hospital in Philadelphia, Mississippi.

17. After the accident, Ealy discovered that South Land did not carry worker's compensation insurance. Therefore, there was no worker's compensation coverage for his medical treatment, medical expenses, and lost wages.

18. Because worker's compensation did not cover his on-the-job injury, he was unable to receive proper follow-up medical treatment and therapy.

19. Due to the seriousness of his injuries, Ealy could not go back to work for ten and one-half months.

20. Subsequent to said injury, Plaintiff was caused to obtain medical treatment for his injury, he endured, and will continue to endure, pain and suffering as a result of his on-the-job injuries.

21. Ealy would have never worked for South Land had he known that it did not carry workers compensation insurance.

22. Ealy never received compensation for the work he performed for South Land on the date of the accident.

23. South Land is referenced as the carrier on both the rate confirmation sheet and bill of lading. See Exhibits "B" and "C."

24. South Land also paid for the damaged cargo from the wreck

25. South Land paid Eugen Rushing who was the driver for the first leg of the trip and was also driving a tractor owned by Phenix.

26. In part, Ealy brings this civil lawsuit against South Land under Miss. Code. Ann. § 73-3-9 (1972), which states:

> "The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, ***except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death.*** In such action the defendant may not plead as a defense that the injury was caused by the

negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

(emphasis added)

27. Under Miss. Code. Ann. § 73-3-9, South Land failed to secure payment of workers compensation, as required. Therefore, Ealy is entitled to bring this civil action at law for damages.

## COUNT I

## ON-THE-JOB INJURIES

28. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

29. On January 3, 2019, the truck Plaintiff was operating was leased to South Land. It was operating under South Land's MC and DOT numbers because Phenix had no operating authority due to its MC and DOT numbers being out-of-service. Plaintiff was driving for South Land just as was the driver of the first leg of the trip, Eugene Rushing.

30. As a result of the January 3, 2019, on-the-job accident, Ealy was impaled by a tree limb, spent eight days at UAB, and incurred in excess of $200,000.00 in medical expenses to which he was never compensated by South Land.

31. Ealy still experiences numbness at the injury site which affects his ability to work.

**WHEREFORE,** Ealy demands judgment against South Land for a sum to be determined by a struck jury, punitive damages, actual damages, and past and future pain and suffering.

## COUNT II

## LOST WAGES

32. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

33. On January 3, 2019, the truck Plaintiff was operating was leased to South Land. It was operating under South Land's MC and DOT numbers because it had no operating authority due to its MC and DOT numbers being out-of-service. Plaintiff was driving for South Land just as the driver of the first leg of the trip.

34. As a result of the January 3, 2019, on-the-job accident, Ealy missed at least ten months of work, to which he was never compensated by South Land.

35. Ealy's average weekly wage was $1,500.00 per week from his previous employer. He never received his payment from South Land nor did he receive any compensation for the ten months of missed work due to the on-the-job injury.

**WHEREFORE,** Ealy demands judgment against South Land for a sum to be determined by a struck jury, punitive damages, and actual damages.

## COUNT III

## FRAUDULENT CONCEALMENT

36. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

37. On January 3, 2019, the truck Plaintiff was operating was leased to South Land. It was operating under South Land's MC and DOT numbers because Phenix had no operating authority due to its MC and DOT numbers being out-of-service. Plaintiff was driving for South Land just as was the driver of the first leg of the trip, Eugene Rushing.

38. It is commonly known within Mississippi that an employer with more than five (5) employees is required to carry worker's compensation so that workers are protected for on-the-job injuries. South Land, through construction, made representations to its employees that it carried worker's compensation insurance by allowing them to work while they had no worker's compensation insurance although they knew it was the law, knew they were required to have it, failed to provide it, and failed to informed its employees that they did not have it thereby fraudulently concealing that they did not have the same.

39. South Land's representation was material because Ealy would have not gotten in the truck and begun to haul the load had he known that there was no worker's compensation coverage.

40. South Land knew it did not carry worker's compensation insurance and chose to fraudulently conceal that fact to Ealy.

41. Ealy had no knowledge that South Land did not carry worker's compensation insurance and relied to his detriment on the representation that South Land had it.

42. Relying on the knowledge that worker's compensation insurance is statutory, Ealy hauled the load for South Land.

43. Ealy's reliance on South Land's fraudulent concealment that they had worker's compensation insurance was the proximate and consequent cause of his medical expenses and lost wages not being paid by South Land.

**WHEREFORE,** Ealy demands judgment against South Land for a sum to be determined by a struck jury, punitive damages, and actual damages.

## COUNT IV

## FRAUDULENT INDUCEMENT

44. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

45. On January 3, 2019, the truck Plaintiff was operating was leased to South Land.  It was operating under South Lands MC and DOT numbers because Phenix had no operating authority due to its MC and DOT numbers being out-of-service.  Plaintiff was driving for South Land just as the driver of the first leg.

46. By knowingly failing to provide Mississippi's mandatory worker's compensation coverage, and by knowingly failing to inform Ealy of its failure to obtain worker's compensation coverage, South Land induced Ealy to drive for them.

47. Relying on Mississippi's statutory provision that South Land, a company with over five (5) employees, and by South Land failing to inform Ealy that they did not carry worker's compensation insurance, Ealy was fraudulently induced to driving for South Land on the date of the accident made the basis of Ealy's claims.

48. Ealy would not have driven that truck had he been aware that South Land did not have worker's compensation insurance.

49. Because of South Land's failure to inform Ealy of their lack of procurement of worker's compensation insurance, Ealy suffered actual damage from his medical expenses, lost wages, and was unable to get proper treatment

**WHEREFORE**, Ealy demands judgment against South Land for a sum to be determined by a struck jury, punitive damages, actual damages, and past and future pain and suffering.

## COUNT V

## NEGLIGENCE

50. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

51. On January 3, 2019, the truck Plaintiff was operating was leased to South Land. It was operating under South Land's MC and DOT numbers because Phenix had no operating authority due to its MC and DOT numbers being out-of-service. Plaintiff was driving for South Land as was the driver of the first portion of the haul.

52. The Defendant had a duty to Ealy to take reasonable precautions to protect him from any injury he may suffer while on-the-job.

53. The Defendant's failure to obtain worker's compensation insurance for Ealy breached the said duty owed to Ealy by the Defendant.

54. As a direct and proximate result of the Defendant's conduct, the Plaintiff sustained injuries which were not covered under worker's compensation insurance.

55. The Defendant is not insulated from liability from claims of negligence because they failed to maintain worker's compensation insurance.

**WHEREFORE,** Ealy demands judgment against South Land for a sum to be determined by a struck jury, punitive damages, actual damages, and past and future pain and suffering.

## COUNT VI

## WANTONNESS

56. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

57. On January 3, 2019, the truck Plaintiff was operating was leased to South Land. It was operating under South Land's MC and DOT numbers because Phenix had no operating authority due to its MC and DOT numbers being out-of-service. Plaintiff was driving for South Land as was the driver of the first leg of the trip.

58. The Defendant had a duty to Ealy to take precautions to protect him from any injury he may suffer while on-the-job.

59. With reckless and conscious disregard to the right of Ealy, and the safety of Ealy in the event of an on-the-job injury, Defendant willfully and wantonly failed to carry worker's compensation insurance.

60.     The failure of the Defendant to carry worker's compensation insurance was a conscious disregard to Ealy's right to be protected in the event of an on-the-job injury.

61.     Due to the intentional, willful, and wanton failure of South Land to carry the required workers compensation coverage, the Plaintiff suffered injuries and will continue to endure pain and suffering.

**WHEREFORE, PREMISES CONSIDERED**, Ealy demands judgment against South Land for a sum to be determined by a struck jury, punitive damages, actual damages, and past and future pain and suffering.

Dated:      December 23, 2020

                          Respectfully submitted,

                          **s/ Jeffrey C. Kirby**
                          JEFFREY C. KIRBY (asb-7574-m69j)
                          ATTORNEY FOR PLAINTIFF
                          Kirby Johnson, P.C.
                          One Independence Plaza Drive
                          Suite 520
                          Birmingham, Alabama 35209
                          Telephone: (205) 458-3553
                          Facsimile:  (205) 458-3589
                          jkirby@kirbyjohnsonlaw.com

        **s/ Charles E. Robinson, Jr.**
        CHARLES E. ROBINSON, JR. (asb-4624-r55c)
        ATTORNEY FOR PLAINTIFF
        The Robinson Law Firm, P.C.
        Attorneys at Law
        Post Office Box 370
        Ashville, Alabama 35953
        Telephone: (205) 594-5133
        Facsimile: (205) 594-5134
        crobjr@rlflaw.net

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A STRUCK JURY FOR THE TRIAL OF THIS CASE.**

        **s/ Jeffrey C. Kirby**
        JEFFREY C. KIRBY

TO THE CLERK OF COURT:   SERVE THE DEFENDANT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:

South Land Transportation, Inc.
c/o James F. Noble, III
751 Avignon Drive, Suite B
P.O. Box 3293
Ridgeland, MS 39158